## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARVIN CAINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-04-1654-HE |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner Marvin Caine, a state prisoner, filed a habeas petition pursuant to 28 U.S.C. §2241, asserting constitutional violations arising out of a disciplinary proceeding. The petitioner claims he was denied due process and his rights under the Double Jeopardy Clause were violated when the warden at the correctional center where he is incarcerated ordered a rehearing on a misconduct charge after a disciplinary hearing officer had found him "not guilty" at the initial hearing.[1]  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell, who has issued his Report and Recommendation suggesting that the petition be denied on the merits.

The petitioner was charged with the prison offense of possession of contraband, but was found not guilty by the disciplinary hearing officer because the hearing was not held within the time limit prescribed by applicable Oklahoma Department of Corrections' rules. The warden immediately ordered a rehearing at which the petitioner was found

---

[1] *Although the petitioner briefly refers to an equal protection violation in several of his pleadings, he does not discuss an equal protection claim in his habeas petition or objection to the Report and Recommendation or allege any factual basis for an equal protection violation in his petition or other pleadings.*

guilty and sanctioned with the loss of 180 days of earned credits.

After his appeals to the head of the correctional facility and the Director of the Department of Corrections ("DOC") were unsuccessful, the petitioner eventually filed an application for writ of mandamus in state district court. His application was, however. dismissed without prejudice. The petitioner then sought habeas relief and the DOC responded with a motion to dismiss based on the petitioner's failure to exhaust his state court remedies. The petitioner conceded he had raised unexhausted claims and asked the magistrate judge to grant the motion and dismiss the petition without prejudice. The magistrate judge proceeded, though, to review the petitioner's claims because dismissal on exhaustion grounds is not required if the petition can be denied on the merits.

Magistrate Judge Purcell considered and rejected the petitioner's claims, finding the petitioner received the minimum due process protections required[2] and that he did not have a viable claim under the Double Jeopardy Clause. The petitioner responded by challenging the magistrate judge's finding that the hearing officer's statement of the evidence he relied on and the reasons for the disciplinary action was constitutionally inadequate.[3] He also asserts in his objection, as well as in his response to the respondent's motion to dismiss, that he was denied adequate and meaningful access to the courts. The petitioner appears to contend that, because of an error committed by an

---

[2] *The magistrate judge concluded that the petitioner had received the minimal due process mandated by* Wolff v. McDonnell, *418 U.S. 539 (1974).*

[3] *Although the hearing officer's explanation of his decision and the basis for it was brief, the court agrees with the magistrate judge that it was sufficient to satisfy the applicable standard of due process.*

inmate research assistant, his application for writ of mandamus was dismissed. However, as the court has considered the merits of the petitioner's claims, any error precluding their exhaustion is inconsequential.

Other arguments in the objection include the petitioner's contention that the search of his personal property, which resulted in the discovery of the contraband, did not comply with DOC standards because he was not present when it was conducted, and his assertion of a new denial of access to the courts claim based on the correctional center and DOC's asserted refusal to provide adequate institutional law libraries, and their elimination of trained law library supervisors and the inmate research assistant training seminar program. To the extent the petitioner is raising new Fourth Amendment[4] and lack of court access claims, the court will not consider them because he failed to present these grounds for relief to the magistrate judge and "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."[5] United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001).

The court notes, though, that even if considered these claims would fail because "'prisoners have no legitimate expectation of privacy and ... the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells,'" United States v.

---

[4] *The petitioner also cites the DOC employees' alleged failure to comply with DOC policies governing searches as a basis for an additional due process claim. It, too, will not be considered because it was not presented to the magistrate judge and, thus, was waived.*

[5] *No compelling basis for their review has been shown.*

Black, 162 F.3d 1174, 1998 WL 745986, at * 4 (10th Cir. Oct. 26, 1998)[6] (quoting Hudson v. Palmer, 468 U.S. 517, 530 (1984)), and the petitioner failed to allege "'that the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim.'" Bloom v. Ruhnke, 2002 WL 1472236, at * 1 (10th Cir. July 10, 2002) (quoting Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996)).

Having considered the petitioner's objection and given his claims de novo review, the court concurs with Magistrate Judge Purcell that the petitioner is not entitled to habeas relief and adopts his Report and Recommendation. Accordingly, the respondent's motion to dismiss [Doc. #10] and the habeas petition are **DENIED**, as is a certificate of appealability, the court finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 6th day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6] Black and the other unpublished decision referenced in this order are cited for persuasive value only under 10th Cir. R. 36.3(B).